IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

HARVEY P. SHORT,

       Plaintiff,

v.                         Case No. 2:07-cv-00531

J. D. WALLS, II,
OFFICER JASON HALL,
OFFICER LINDSAY DONAHOE,
OFFICER JOHN DOE,
SOUTH CENTRAL REGIONAL JAIL,
WYETTA FREDERICKS, Director,
JOHN McKAY, Jail Administrator,
LIEUTENANT RICK ROGERS, and
CHAD CARDINAL,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights case in which Plaintiff alleges that he was subject to the use of excessive force by correctional officers at the South Central Regional Jail ("SCRJ") and to deliberate indifference by jail officials to his reported threats by correctional officers of infliction of injury and to the subsequent infliction of injury on him by the officers.  By Standing Order, it was referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has been incarcerated at SCRJ since 2005. Plaintiff's Complaint (docket # 2), filed pursuant to 42 U.S.C. §

1983 on August 28, 2007, contains two claims: (1) that defendants McKay, Fredericks, Rogers and Cardinal were deliberately indifferent to Plaintiff's complaints that correctional officers at SCRJ were retaliating against him and threatening to injure him because Plaintiff had filed lawsuits against the officers, and helped other inmates with their claims against the officers, and were deliberately indifferent to Plaintiff's complaints that he was beaten on July 28, 2007; (2) that on July 28, 2007, defendants Walls, Hall, Donahoe and Doe conspired to attack and injure Plaintiff, and then carried out their plan.  Plaintiff contends that he has suffered permanent injuries and seeks compensatory and punitive damages "against each defendant in his/her individual and/or official capacity." (Complaint, # 2, at 5.)

After a period of discovery, Defendants filed a motion for summary judgment with exhibits (# 70), supported by a memorandum (# 71).  Plaintiff was given a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (# 74).  He filed a response in opposition including an affidavit (# 78), exhibits (# 77), and a memorandum (# 79).  Defendants filed a reply (# 81); the motion is ripe for decision.

Defendants raise the following grounds for entry of judgment in their favor:

>    A.  Defendants' use of force on July 28, 2007 was not malicious or sadistic and Plaintiff's injuries were de minimis.
>    B.  Plaintiff can show no procedural due process

violation as there is no constitutionally protected
liberty interest in being restrained.
C.  Defendants are immune from Plaintiff's claims under
the doctrine of qualified immunity.
D.  Plaintiff cannot set forth a § 1983 claim against the
South Central Regional Jail.

(# 71.)

### Motion for Summary Judgment - Standard of Review

In evaluating summary judgment motions, Rule 56 of the Federal

Rules of Civil Procedure provides:

> The judgment sought should be rendered if the pleadings,
> the discovery and disclosure materials on file, and any
> affidavits show that there is no genuine issue as to any
> material fact and that the movant is entitled to
> judgment as a matter of law.

Fed. R. Civ. P. 56(c) (2007).  Material facts are those necessary

to establish the elements of a party's cause of action.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the

record and all reasonable inferences drawn therefrom in a light

most favorable to the non-moving party, a reasonable fact-finder

could return a verdict for the non-movant.  Id.  The moving party

has the burden of establishing that there is an absence of evidence

to support the nonmoving party's case.  Celotex Corp. v. Catrett,

477 U.S. 317, 325 (1986).  Even if there is no dispute as to the

evidentiary facts, summary judgment is also not appropriate where

the ultimate factual conclusions to be drawn are in dispute.

Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th

Cir. 1991).

If the moving party meets this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); <u>Id.</u> at 322-23.

> [The] adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, <u>Russell v. Microdyne Corp.</u>, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  <u>Sosebee v. Murphy</u>, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

### Officer Defendants and Supervisory Defendants

Defendants Walls, Hall, Donahoe and Doe (the officer in A-tower with control over cell doors, Jeffery A. George) are correctional officers involved in the incident on July 28, 2007, at

4

issue and are hereinafter referred to as "Officer Defendants."
Defendants Fredericks, McKay, Rogers and Cardinal are hereinafter
referred to as "Supervisory Defendants."   Plaintiff's complaint
against the Supervisory Defendants is that he wrote grievances,
request forms and letters to them, requesting protection from
correctional officers who were retaliating against Plaintiff
because of the lawsuits he was filing for himself and other
inmates, and they were deliberately indifferent to his pleas.  As
to defendant Rogers, Plaintiff asserts that he bears racial animus
toward Plaintiff because Plaintiff is African-American, and because
Plaintiff has sued him twice.

The Motion for Summary Judgment refers to "Defendants" without
differentiating between the two groups and the different claims
against them.  The court will be more specific.  It appears that
the motion for summary judgment is focused on the Officer
Defendants, as there is no discussion of the alleged deliberate
indifference of the Supervisory Defendants.

## Excessive Force

The Officer Defendants argue that Plaintiff has not presented
any evidence demonstrating that the Officer Defendants acted
maliciously or sadistically.  (# 71, at 10.)  They contend that
defendant Walls acted in self-defense.  Id.  The Officer Defendants
further assert that Plaintiff has failed to produce sufficient
evidence demonstrating that the Officer Defendants' conduct was

objectively harmful enough to establish a constitutional violation.
Id., at 14.

Plaintiff responds that he was beaten by the officers in
retaliation for his spitting out of an narrow opening of his cell
door when defendant Walls was standing outside his cell and for his
filing lawsuits against defendant Rogers.  (# 79, at 10.)

The standard for determining whether the use of force against
a pretrial detainee violates a constitutional right has been
established since Bell v. Wolfish, 441 U.S. 520, 535 (1979), in
which the Supreme Court held that "the proper inquiry is whether
those conditions [of confinement] amount to punishment of the
detainee." Conditions of confinement of state pre-trial detainees
are evaluated under the Due Process Clause of the Fourteenth
Amendment, rather than under the Eighth Amendment.  441 U.S. at 535
n.16.  However, the analysis of such claims under the Fourteenth
Amendment shares much in common with the Eighth Amendment approach.
As noted by the United States Court of Appeals for the Fourth
Circuit in Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997),
"[b]oth seek to balance the rights of prisoners and pre-trial
detainees against the problems created for officials by the
custodial context."

The Fourth Circuit further explained the appropriate standard
in Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998):

> To succeed on a claim of excessive force under the
> Due Process Clause of the Fourteenth Amendment, [a

plaintiff] must show that Defendants "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986). The proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21, 106 S. Ct. 1078 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

According to the various exhibits filed by the Officer Defendants and the affidavit filed by Plaintiff, the facts set forth below are undisputed.

- Beginning on April 19, 2007, Plaintiff was placed on restraint restriction in administrative segregation at South Central Regional Jail, at the direction of Lt. Rogers. (# 70, Ex. E, interrog. 1; # 78-2, ¶ 4.)
- On July 28, 2007, Plaintiff was in his cell and the door was closed and locked. (# 70, Ex. E, interrog. 18; # 78-2, ¶ 8.)
- Plaintiff spoke to J. D. Walls on behalf of another inmate, and spit. (# 70, Ex. H, ¶ 4; # 78-2, ¶ 8.)
- Defendant Walls called for additional correctional officers to come to Plaintiff's cell. (# 70, Ex. H, ¶ 6; Ex. J, ¶ 2; Ex. K, ¶ 2.)
- Correctional Officers Hall and Donahoe responded. (<u>Id.</u>, Ex. H, ¶ 7.)
- Defendant Walls instructed to A-tower officer, George Jeffrey, to open Plaintiff's cell door. (<u>Id.</u>, Ex. E, interrog. 19; Ex. J, ¶ 3; Ex. L, ¶ 2; # 78-2, ¶ 8.)
- When the cell door opened, Plaintiff was holding a piece of mirror. (# 70, Ex. A at 128; Ex. H, ¶ 8-9; Ex. I, ¶¶ 5-9; Ex. J, ¶ 4-7; Ex. L, ¶ 5; # 78-2, ¶ 8.)
- An incident occurred between Plaintiff on the one hand, and the correctional officers on the other hand. (# 70, Ex. H, ¶¶ 9-10; # 78-2, ¶ 8.)
- Defendant Walls sustained a small cut to his arm. (# 70, Ex. H, ¶ 9.)
- Defendant Hall ordered that the cell door be closed. (<u>Id.</u>, Ex. H, ¶ 11; Ex. J, ¶ 7; Ex. K, ¶ 6.)
- Plaintiff surrendered the piece of mirror by sliding it under the cell door to officers. (<u>Id.</u>, Ex. H, ¶ 13; Ex. I, ¶ 6.)

It is clear that Plaintiff was inside his cell and that entry of the cell by correctional officers was not necessary to maintain

or restore discipline.   There is no suggestion that Plaintiff was doing anything which placed institutional security or his own safety in jeopardy.   Plaintiff has raised a claim that defendants Walls, Hall and Donohoe entered his cell and kicked him in the genitals maliciously and sadistically for the very purpose of causing harm because Plaintiff spit on or near Walls and because Plaintiff filed lawsuits against Lt. Rogers.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the facts, taken in the light most favorable to Plaintiff, without a finding as to his credibility, show that the Officer Defendants' conduct was an infliction of unnecessary and wanton pain and suffering which violated Plaintiff's right, as a pretrial detainee, not to be punished.

A pre-trial detainee cannot prevail on a Fourteenth Amendment excessive force claim if his injury is <u>de</u> <u>minimus</u>. <u>Riley</u>, 115 F.3d at 1166; <u>Taylor</u>, <u>id.</u> Quoting from the Supreme Court's opinion in <u>Hudson v. McMillion</u>, 503 U.S. 1, 9-10 (1992), the <u>Riley</u> court stated:

> "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action" . . . . To permit those in custody to bring excessive force claims without any showing of injury would violate that very principle.   The <u>de</u> <u>minimus</u> nature of Riley's alleged injuries cannot be squared with Riley's need to demonstrate excessive force amounting to punishment. <u>Bell</u>, 441 U.S. at 535, 99 S. S. Ct. at 1871-72. Punishment must mean something more than trifling injury or negligible force.

115 F.3d at 1167.

8

Plaintiff's affidavit states that he has suffered a permanent injury to his testicles and penis, dizziness and vision loss. (# 78-2, ¶¶ 8, 10, 22.) He explains that he refused medical attention because of the presence of female nurses. Id., ¶ 23. Under the circumstances, the undersigned cannot conclude that Plaintiff's injuries were *de minimis*.

In support of their argument that the Officer Defendants are entitled to summary judgment, they attach various affidavits as to the circumstances of Plaintiff's incarceration, their version of the incident, and related matters. (# 70 and exhibits.) Plaintiff's affidavit (# 78-2) states that their affidavits are false and that his affidavit is true. Allegations of excessive force typically require careful investigation of the material facts. Faced with competing affidavits as to those facts, the undersigned must conclude that there is a genuine issue as to the material facts and that summary judgment is inappropriate.

The undersigned proposes that the presiding District Judge **FIND** that, taking the facts in the light most favorable to Plaintiff, there are genuine issues as to material facts and the Officer Defendants are not entitled to judgment as a matter of law.

### Due Process

Defendants, collectively, argue that, if Plaintiff is claiming that he was denied due process of law because he was not placed in restraints before the cell door was opened, his claim fails. (#

9

71, at 19-20.)   Plaintiff has not responded directly to this
argument.

Upon review of the complaint and various memoranda and
affidavits, it appears to the court that Plaintiff is asserting
that the officers' failure to restrain him prior to opening the
cell door is evidence of their violation of policies and procedures
and of their intent to harm him.  The undersigned does not read the
materials as raising a claim that Plaintiff's right to due process
of law was violated except to the extent that a pretrial detainee's
right to be free of the use of excessive force is evaluated under
the Due Process Clause of the Fourteenth Amendment, not the Eighth
Amendment.

## Qualified Immunity

Defendants, collectively, claim that they are protected by
qualified immunity, but their argument is based on their assertion
that they are entitled to summary judgment on the facts relating
only to the claimed use of excessive force.  The court reads this
action as alleging that the Officer Defendants entered Plaintiff's
cell for the purpose of "teaching him a lesson," and that Plaintiff
had previously warned the Supervisory Defendants about threats by
correctional officers, and asked for protection or transfer, but
the Supervisory Defendants were deliberately indifferent to his
allegations.

When a defendant asserts the defense of qualified immunity,

the court must employ the two step analysis set forth by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 201-02 (2001). The first question is whether the facts, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. If the answer to that question is "yes," the second question is whether the right was clearly established at the time of the events at issue. Qualified immunity is ordinarily resolved at the summary judgment stage. Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006).

For the reasons set forth in the section on excessive force, the Officer Defendants have failed to show that they are entitled to qualified immunity. No argument has been presented by the Supervisory Defendants. The court notes that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994).

### Eleventh Amendment, Will Doctrine, and Jail

South Central Regional Jail is not a suable entity; it is simply a building. As such, it should be dismissed. The court questions whether Plaintiff intended to name the Jail as a defendant; page four of the complaint, where Plaintiff lists the defendants, does not include "South Central Regional Jail."

Plaintiff's complaint seeks money damages "against each Defendant in his/her individual and/or official capacity." (# 2,

at 5.)  All the defendants assert that, as State employees, they are immune from liability for actions taken in their official capacities.  (# 71, at 22-23.)

The Supreme Court, reading § 1983 in conjunction with the Eleventh Amendment, ruled in <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989), that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  A state official sued in his individual capacity is not protected by the Eleventh Amendment and is a "person" under § 1983. <u>Hafer v. Melo</u>, 502 U.S. 21, 31 (1991).

The undersigned proposes that the presiding District Judge **FIND** that the defendants in their official capacities are not "persons" under § 1983.

<u>Recommendations</u>

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge:

1.  Dismiss the South Central Regional Jail with prejudice;

2.  Grant the defendants' motion for summary judgment <u>in their official capacities only</u>; and

3.  Otherwise deny the defendants' motion for summary judgment.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code,

12

Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

 September 30, 2008 
        Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

13