```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON


HARVEY P. SHORT,

       Plaintiff,

v.                                      Civil Action No. 2:07-0531

J.D. WALLS, II, OFFICER
JASON HALL, OFFICER LINDSAY
DONAHOE, OFFICER JOHN DOE,
WYETTA FREDERICKS, JOHN MCKAY,
LIEUTENANT RICK ROGERS and
CHAD CARDINAL,

       Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is a motion for summary judgment filed by defendants McKay, Rogers, Cardinal and Fredericks ("Supervisory Defendants") on April 17, 2009.

This § 1983 action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on October 22, 2009.

The magistrate judge recommends that the court order that:

1

> 1. The Supervisory Defendants' motion for summary judgment be granted to the extent that the Supervisory Defendants be dismissed; and
>
> 2. The Supervisory Defendants' motion for summary judgment be denied to the extent it seeks judgment as a matter of law or dismissal of the complaint against all defendants, including defendants Walls, Hall, Donahoe and Doe (Officer Jeffrey A. George) ("Officer Defendants") on the basis of failure to exhaust administrative remedies.

On October 29, 2009, plaintiff objected to the magistrate judge's recommendation that the motion for summary judgment be granted as to the Supervisory Defendants.  Plaintiff asserts that the magistrate judge erred in finding that the Supervisory Defendants are entitled to qualified immunity and that the magistrate judge improperly resolved factual disputes and made credibility determinations with regard to his deliberate indifference claim.  (Pl.'s Objs. 1).

On November 3, 2009, the Supervisory Defendants objected to the magistrate judge's recommendation that their motion for summary judgment be denied as to the Officer Defendants.  Specifically, the Supervisory Defendants object to the portion of the magistrate judge's findings suggesting that

there was a waiver of the defense of failure to exhaust administrative remedies.  (Def.'s Objs. at 7).

## I. Background

Plaintiff's claims stem from an incident that occurred on July 28, 2007, in plaintiff's maximum security prison cell that involved an altercation between himself and the Officer Defendants.  (Short Dep. 137, 141; Short Aff. ¶ 8).  The details of this altercation are thoroughly set forth in the court's earlier memorandum opinion and order entered March 31, 2009.

In his affidavit, plaintiff states that he suffered serious injuries as a result of the altercation such as his testicles swelled up, his penis discharged blood, he can no longer have a regular erection, and he has dizziness and vision loss.  (Short Aff. ¶ 10).  Various medical records of the plaintiff submitted as evidence do not confirm these specific injuries, but note an abrasion on plaintiff's left middle finger following the altercation and plaintiff's complaints of injuries to his right leg and right hand.  (Short Dep. Ex. 10; Stuart Aff. Ex. 1).  Plaintiff claims that the Supervisory Defendants were deliberately indifferent to his complaints that the Officer

Defendants were retaliating against him and threatening to injure him because he had filed lawsuits against the officers and had helped other inmates with their claims against the officers. (Short Aff. ¶ 5-6).

Plaintiff instituted this action on August 28, 2007, asserting claims of excessive force against the Officer Defendants and deliberate indifference against the Supervisory Defendants.  On July 15, 2008, defendants moved for summary judgment for the first time.  On September 30, 2008, the magistrate judge submitted her first PF&R in this case, which this court adopted on March 31, 2009, dismissing the South Central Regional Jail, granting defendants' motion for summary judgment to the limited extent that it sought dismissal of the plaintiff's claims against the defendants in their official capacities, and denying defendants' motion for summary judgment otherwise.  In its opinion, the court afforded the Supervisory Defendants the opportunity to move for summary judgment on the plaintiff's deliberate indifference claim, which motion is the subject of the current PF&R.

## II. Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-

movant.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**III. Dismissal of the Supervisory Defendants**

The Supervisory Defendants, in their motion for summary judgment, contend that plaintiff has presented no evidence supporting his claims of deliberate indifference aside from the conclusory, self-serving statements in his complaint and affidavit. (Mem. Supp. Mot. Summ. Jgt. 7). The magistrate judge found that "[p]laintiff has not demonstrated that the Supervisory Defendants herein were aware of a pervasive, unreasonable risk of harm from a specified source and failed to take corrective action as a result of . . . deliberate indifference or tacit authorization of the offensive practice." (PF&R 13) (citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)).

In his objections to the PF&R, plaintiff asserts that his affidavit presents a genuine issue of material fact as to his deliberate indifference claims. (Pl.'s Objs. 1). In his affidavit, plaintiff states that he wrote letters, request forms and grievances to the Supervisory Defendants requesting protection from retaliation by officers against whom he had filed previous lawsuits, and that those defendants were deliberately indifferent to these requests. (Short Aff. 2). The magistrate judge found that none of the grievances plaintiff submitted

specifically address threats to his safety by the Officer Defendants. (PF&R 13). Indeed, the plaintiff's grievances attached as exhibits in this case include the following: accusations that a nurse is a fake CIA agent who is attempting to poison him; a request to transfer to another jail to avoid general harassment, injury and poisoning; a request to transfer to avoid injury by Officer Spriggs (not a party to this case); and a threat to kill an individual. (McKay Aff. 2-4; Short Grievances Nov. 7, 2005 - July 26, 2007). Plaintiff points to no other grievance or letter that specifically informs the Supervisory Defendants of a threat to him by the Officer Defendants.

Inasmuch as the Supervisory Defendants were not aware of a "pervasive, unreasonable risk of harm" to the plaintiff from the Officer Defendants, plaintiff's complaint fails to state a claim against the Supervisory Defendants. It follows, then, that plaintiff has not met the first prong of the qualified immunity test, which requires a showing that the Supervisory Defendants violated a constitutional right. Thus, the Supervisory Defendants are entitled to qualified immunity. The court finds that the magistrate judge has fully and fittingly addressed the issue of deliberate indifference and that of qualified immunity.

8

## IV. Failure to Exhaust Administrative Remedies

The plaintiff's failure to exhaust administrative remedies prior to filing this suit was raised by all defendants in their answer to plaintiff's complaint under the Seventh Defense, which states, "To the extent that the same may later prove applicable, these defendants reserve the right to assert that the plaintiff failed to properly exhaust administrative remedies as to all or portions of the allegations in this case." (Ans. 4). This statement satisfies Rule 8(c) as an affirmative statement of an affirmative defense. It exhibits caution at an early stage of the case in a _pro se_ setting that is warranted by Rule 11(b). In the Supervisory Defendants' motion for summary judgment on the issue of plaintiff's deliberate indifference claim, they argue for the first time on motion that plaintiff's failure to exhaust his administrative remedies prior to filing suit necessitates the dismissal of his complaint against all parties.[1]  (Mem. Supp. Mot. Summ. Jgt. 17).

---

[1] It is noted that under state procedure, grievances relating to the July 28, 2007, incident were filed by plaintiff on July 29, 2007, August 5, 2007, and August 6, 2007, followed by this complaint filed August 28, 2007. A decision on two of the grievances was rendered on October 4, 2007, but appeal therefrom was not attempted. The record does not reflect a decision on the third grievance.

In her PF&R, the magistrate judge found that while exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the failure to exhaust remedies is an affirmative defense and defendants waived this defense when they failed to raise the issue in their first motion for summary judgment that was the subject of the court's order of March 31, 2009. (PF&R 19-20).

The Supervisory Defendants object to the magistrate judge's findings on this issue and suggest that the defense was not waived inasmuch as it was preserved in defendants' answer to plaintiff's complaint, filed November 27, 2007, and plaintiff cannot show harm due to the timing of raising the issue in defendants' second motion for summary judgment. (Def.'s Objs. 4-5). Plaintiff responds that he was not required to exhaust administrative remedies prior to filing suit in accordance with West Virginia Code § 25-1A-2(c), which provides that "Notwithstanding any other provision of this code, no inmate shall be prevented from . . . bringing a civil or criminal action alleging past, current or imminent physical or sexual abuse . . . ." (Opp. Mot. Summ. Jgt. 1). Plaintiff further asserts that he did exhaust his administrative remedies. (Id.).

**A. Exhaustion of Remedies**

As the magistrate judge noted, when filing an action in federal court over prison conditions, the PLRA mandates that a prisoner exhaust available administrative remedies, regardless of the relief sought.  42 U.S.C. § 1997e(a); <u>Porter v. Nussle</u>, 534 U.S. 516, 520 (2002); <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008).  It is noteworthy that, although plaintiff may not have been required to exhaust administrative remedies pursuant to state procedure, the exhaustion of available remedies may have resulted in some responsive action and is required under the PLRA.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Accordingly, plaintiff was required to exhaust his administrative remedies before filing this action.  Plaintiff failed to do so.  Although plaintiff filed grievances after the July 28, 2007, incident, he did not wait for the grievance investigation to be completed before filing suit.  (Mem. Supp. Mot. Summ. Jgt. 18).

In their reply, the Supervisory Defendants also contend that plaintiff further failed to exhaust his administrative remedies by not following the appeals procedure set forth in the "Inmate Handbook."  (Rep. 13).  The Supervisory Defendants state that plaintiff bypassed the two levels of appeal specified in the Handbook by neglecting to appeal his rejected grievances first to

the Chief of Operations and second to the Office of the Executive Director.  (Rep. 12-13; Robinson Aff. 2).  Although plaintiff states in his opposition to the Supervisory Defendants' motion for summary judgment that he exhausted his administrative remedies, he has provided no records or other evidence demonstrating that he has done so.  Inasmuch as plaintiff has not presented specific facts that demonstrate the existence of a genuine issue of material fact on the issue of exhaustion, the court finds that as a matter of law, plaintiff did not exhaust his administrative remedies before filing this action.

B. Waiver of Affirmative Defense

Our court of appeals has held that waiver of an affirmative defense is not automatic, in that it requires a showing by the party who invokes waiver that he has been prejudiced or unfairly surprised.  <u>Peterson v. Air Line Pilots Ass'n, Int'l</u>, 759 F.2d 1161 (4th Cir. 1985).  It is true that nearly one and a half years elapsed between the time that defendants first asserted the non-exhaustion defense in their answer and when the Supervisory Defendants argued it in the second motion for summary judgment.  However, plaintiff never

12

sought to strike defendants' non-exhaustion defense nor did he attempt to exhaust his remedies by appealing his rejected grievances in accordance with the procedures set forth in the West Virginia Regional Jail and Correction Facility Authority's "Handbook of Inmate Rules and Procedures." W. Va. C.S.R. § 94-5-12.

In <u>Villante v. VanDyke</u>, 93 Fed.Appx. 307 (2d Cir. 2004), a case similar to this one, the Court of Appeals for the Second Circuit concluded that the defendants, having raised the defense of failure to exhaust administrative remedies in their answer to the complaint, did not waive the defense by failing to include it in their first motion for summary judgment. <u>Id.</u> at 308. The court held that the defendants' second motion for summary judgment, based on that defense, was properly granted by the district court even though it was filed after the deadline for filing summary judgment motions. <u>Id.</u> at 309-310. Indeed, the majority of courts that have found that defendants have waived the defense of exhaustion of administrative remedies have done so because the defendants failed to raise the defense in the answer but did so for the first time in a motion for summary

13

judgment.[2]  See Phipps v. Sheriff of Cook County, --- F.Supp.2d ---, 2009 WL 4146391, *3 (N.D. Ill. 2009) (finding the defense of exhaustion of remedies was forfeited when not raised as an affirmative defense in the answer and was raised for the first time in a motion for summary judgment); Harris v. Higley, 2009 WL 185989, *3 (W.D. N.Y. 2009) (same); Walter v. Breeyear, 2007 WL 446010, *8 (N.D. N.Y. 2007) (same); Jones v. Gardels, 2006 WL 37039, *3 (D. Del. 2006) (same).

Inasmuch as plaintiff has not shown in his opposition to the motion for summary judgment, his objections to the PF&R or a response to the Supervisory Defendants' objections any prejudice or unfair surprise from the Supervisory Defendants' delayed emphasis on the non-exhaustion defense, the court

---

[2]It is suggested that Carr v. Hazelwood, 2008 WL 4556607 (W.D. Va. 2008), supports waiver in this case.  (PF&R 20-21).  In Carr, an unpublished opinion by the magistrate judge, the court found that defendants waived the affirmative defense of failure to exhaust when they failed to raise it in their answer to the original complaint and their first motion for summary judgment, though they did raise it in their answer to the amended complaint.  The court further found that even if the defense had been timely filed, the plaintiff did exhaust her available administrative remedies.  Carr, at *4-5 (adopted by a two-paragraph order by the district court judge in Carr v. Hazelwood, 2008 WL 4831710 (W.D. Va. 2008)).  Although both the waiver and failure to exhaust issues are treated with equal dignity in the court's opinion, it seems apparent that the determination that plaintiff did in fact exhaust his administrative remedies renders the reference to waiver as dicta.  Id. at 5

concludes that the exhaustion defense was not waived.

C. Summary Judgment as to Officer Defendants

The Supervisory Defendants are entitled to qualified immunity and, thus, may be dismissed from this action for that reason.  In their motion, the Supervisory Defendants discuss plaintiff's failure to exhaust administrative remedies and contend that "the claims against <u>all</u> parties should be dismissed" based on this defense.  (Mem. Supp. Mot. Summ. Jtg. 18 n.7 (emphasis added)).  Although the Officer Defendants have not moved for summary judgment based on the non-exhaustion defense, the court may enter summary judgment, <u>sua sponte</u>, as to them "'so long as the losing party was on notice that she had to come forward with all of her evidence.'"  <u>Carr v. Deeds</u>, 453, F.3d 593, 608 (4th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986)).  This notice need not be formal notice issued by the court, but it must be "sufficient to provide the losing party with an adequate opportunity to demonstrate a genuine issue of material fact.  And it must, in view of the procedural, legal, and factual complexities of the case, allow the party a reasonable opportunity to present all material pertinent to the claims under consideration."  <u>U.S. Dev. Corp. v.</u>

15

Peoples Fed. Savings & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989) (citing Fed. R. Civ. P. 12(b); Nat'l Expositions, Inc. v. Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir. 1987); Proimos v. Fair Automotive Repair, Inc., 808 F.2d 1273, 1278 (7th Cir. 1987)).

Here, one would expect plaintiff to have put forth evidence rebutting his failure to exhaust administrative remedies asserted in this motion, if it existed.  To be sure, the Supervisory Defendants' motion for summary judgment put plaintiff on notice that his failure to exhaust remedies could be determinative of his case, and he had an "adequate opportunity to demonstrate a genuine issue of material fact" on this issue in his response.  U.S. Dev. Corp., 873 F.2d 735.  Having found as a matter of law that plaintiff did not exhaust his administrative remedies, the court sua sponte grants summary judgment in favor of the Officer Defendants.

Consequently, following a de novo review, the court ORDERS that the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted except to the extent that the defendants are said to have waived the defense of exhaustion of administrative remedies.

16

Accordingly, plaintiff's action is dismissed without prejudice against the Officer Defendants in their individual capacities for failure to exhaust administrative remedies.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: March 5, 2010

John T. Copenhaver, Jr.
United States District Judge

17